W. Mark Jump, Esq.
Ohio Bar No.: 0062837
**Jump Legal Group, LLC**
2130 Arlington Avenue
Columbus, OH 43221
*Attorneys for Plaintiff Shane DeMun*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Shane DeMun, an individual,<br><br>Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 Et Seq.**<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br>3. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 Et Seq.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Shane DeMun, ("Plaintiff"), through Plaintiff's attorneys also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of National Enterprise Systems ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings

that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*

---
COMPLAINT 3

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in Cincinnati, Ohio as it conducts business there. 28 U.S.C. § 1391(b)(2). Further, Defendant is headquartered in the State of Ohio.

## PARTIES

11. Plaintiff is a natural person who resides in the State of New York.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, doing business in Ohio.

15. Defendant is a debt collector, with its headquarters in Solon, Ohio.

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant collects on alleged defaulted debts.

## FACTUAL ALLEGATIONS

18. Sometime on or about February 2016, Defendant began calling Plaintiff to

1      collect an alleged debt from Plaintiff.

2  19.  This ATDS has the capacity to store or produce telephone numbers to be
3      called, using a random or sequential number generator.

4  20.  Plaintiff is a natural person, as that term is used by 15 U.S.C. § 1692 et seq.

5  21.  Plaintiff received at least 129 calls to his cell phone ending in 7471 since
6      February 2016 from Defendant regarding allegedly owed obligations.

7  22.  Dates where Defendant called Plaintiff include: February 1, 2016 at 6:01
8      P.M., February 2, 2016 at 6:04 P.M., February 3, 2016 at 6:05 P.M., and
9      February 18, 2016 at 6:07 P.M., February 5, 2016 at 6:08 P.M., February 8,
10     2016 at 6:11 P.M., February 9, 2016 at 6:03 P.M., February 10, 2016 at 6:04
11     P.M., February 11, 2016 at 6:38 P.M., February 12, 2016 at 6:09 P.M.,
12     February 15, 2016 at 6:05 P.M., February 16, 2016 at 6:05 P.M., February 17,
13     2016 at 6:03 P.M., February 18, 2016 at 6:08 P.M., February 19, 2016 at 6:10
14     P.M., February 22, 2016 at 6:05 P.M., February 24, 2016 at 6:24 P.M.,
15     February 25, 2016 at 6:52 P.M., February 26, 2016 at 6:47 P.M., February 29,
16     2016 at 6:54 P.M., March 1, 2016 at 5:49 P.M., March 2, 2016 at 5:50 P.M.,
17     March 3, 2016 at 5:57 P.M., March 4, 2016 at 5:55 P.M., March 8, 2016 at
18     5:57 P.M., March 9, 2016 at 5:59 P.M., March 10, 2016 at 5:58 P.M., March
19     11, 2016 at 5:54 P.M., March 14, 2016 at 5:56 P.M., March 15, 2016 at 5:55
20     P.M., March 16, 2016 at 5:54 P.M., March 17, 2016 at 5:44 P.M., March 18,
21     2016 at 5:49 P.M., March 21, 2016 at 5:45 P.M., March 22, 2016 at 5:45
22     P.M., March 23, 2016 at 5:46 P.M., March 24, 2016 at 5:55 P.M., March 25,
23     2016 at 5:41 P.M., March 28, 2016 at 5:41 P.M., March 29, 2016 at 5:48
24     P.M., March 30, 2016 at 5:51 P.M., March 31, 2016 at 5:51 P.M., April 1,
25     2016 at 5:51 P.M., April 4, 2016 at 5:51 P.M., April 6, 2016 at 7:52 P.M.,
26     April 7, 2016 at 5:59 P.M., April 11, 2016 at 6:15 P.M., April 12, 2016 at
27     6:04 P.M., April 13, 2016 at 6:07 P.M., April 14, 2016 at 5:42 P.M., April 15,
28     2016 at 6:04 P.M., April 18, 2016 at 5:59 P.M., April 19, 2016 at 6:17 P.M.,

April 20, 2016 at 6:19 P.M., April 21, 2016 at 6:19 P.M., April 22, 2016 at 6:32 P.M., April 25, 2016 at 6:17 P.M., April 26, 2016 at 6:20 P.M., April 27, 2016 at 6:31 P.M., April 28, 2016 at 6:25 P.M., April 29, 2016 at 6:34 P.M., May 2, 2016 at 6:26 P.M., May 3, 2016 at 6:20 P.M., May 4, 2016 at 6:31 P.M. and 6:52 P.M., May 5, 2016 at 6:11 P.M., May 6, 2016 at 7:03 P.M., May 10, 2016 at 6:23 P.M., May 11, 2016 at 6:30 P.M., May 12, 2016 at 6:22 P.M., May 13, 2016 at 6:23 P.M., May 16, 2016 at 8:00 P.M., May 17, 2016 at 5:07 P.M., May 18, 2016 at 5:13 P.M., May 19, 2016 at 5:19 P.M., May 20, 2016 at 5:03 P.M., May 23, 2016 at 5:10 P.M., May 24, 2016 at 5:15 P.M., May 25, 2016 at 5:09 P.M., May 26, 2016 at 5:16 P.M., May 27, 2016 at 5:32 P.M., May 31, 2016 at 5:05 P.M., June 1, 2016 at 5:07 P.M., June 2, 2016 at 5:26 P.M., June 3, 2016 at 5:11 P.M., June 6, 2016 at 5:17 P.M., June 7, 2016 at 5:32 P.M., June 8, 2016 at 5:30 P.M., June 9, 2016 at 5:17 P.M., June 10, 2016 at 5:08 P.M., June 13, 2016 at 5:16 P.M., June 14, 2016 at 5:19 P.M., June 15, 2016 at 5:20 P.M., June 16, 2016 at 5:06 P.M., June 17, 2016 at 5:10 P.M., June 20, 2016 at 5:19 P.M., June 21, 2016 at 5:09 P.M., September 6, 2016 at 5:10 PM. at 10:17 P.M., October 16, 2016 at 8:22 P.M., November 1, 2016 at 9:08 PM. November 5, 2016 at 9:17 PM, November 9, 2016 at 7:08 P.M., November 10, 2016 at 4:39 P.M., November 11, 2016 at 4:01 P.M., and November 14, 2016 at 8:30 P.M.

23. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. Further, Plaintiff specifically revoked any consent, which may have been mistakenly believed, when he informed Defendant to stop calling.

25. Specifically, Plaintiff sent a cease and desist letter by facsimile on or about February 15, 2016 to Defendant instructing Defendant, "Please take notice that effective immediately your company DOES NOT have authorization to contact me via telephone."

26. Despite receiving Plaintiff's cease and desist letter by fax, Defendant called Plaintiff 129 times and left approximately seventy (70) voicemails.

27. Through this action, Plaintiff suffered an invasion of his legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected because he was frustrated and distressed that despite him telling Defendant to stop calling him on his cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

29. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

30. The calls from Defendant came from phone numbers including, but not limited to, 919-975-5048, 919-229-4200, 919-439-0771, and 919-648-4443.

31. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

32. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

34. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

35. By continuing to contact Plaintiff regarding this alleged debt, Defendant engaged in conduct Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

36. Through this conduct, Defendant caused a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d.

37. Additionally, Defendant made calls at an unusual time or place or place known or should be known to be inconvenient to the consumer when Defendant called after nine (9) P.M. on September 6, 2016 at 5:10 PM. at 10:17 P.M. and November 5, 2016 at 9:17 PM. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

38. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other

1     paragraphs of this Complaint as though fully stated herein.

2  43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

6  44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Third Cause of Action
## Fair Debt Collection Practices Act (FDCPA)
## 15 U.S.C. § 1692 Et. Seq.

13  45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

15  46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

18  47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

23 //
24 //
25 //
26 //
27 //
28 //

---

COMPLAINT     9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### First Cause of Action for Negligent Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### Third Cause of Action
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. § 1692 Et. Seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

**TRIAL BY JURY**

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 24th day of March 2017.

                                                      Respectfully submitted,

                                                     **JUMP LEGAL GROUP**

                                                     By: /s/ W. Mark Jump
                                                          W. Mark Jump, Esq.
                                                          2130 Arlington Avenue
                                                          Columbus, OH 43221